*974 OPINION.
ARttndell :
The respondent in his brief concedes that the principal stockholders were regularly engaged in the active conduct of the affairs of petitioner and states that he does not contest that the income of petitioner was due primarily to the activities of Messrs. Barton and Willson.
The record leaves no doubt in our minds that capital was not a material income-producing factor. All of petitioner’s capital was invested in its studio and office. It had no capital available for use in carrying on its business and had no need for it as its accounts receivable were liquidated before the accounts payable were due. In fact its receivables were collected in sufficient time to enable it to take advantage of discounts on its payables.
The only point presenting any controversial aspect is the extent to which petitioner’s income was derived from trading as a principal. It is conceded by the petitioner that as to those few articles comprising its studio furnishings which it sold, it did trade as a principal. But the gross income of not over $5,000 from those transactions is too small in comparison with the gross income of over $200,000 to play any serious part in the final outcome of the case. The bulk of petitioner’s income consisted of the difference between the amounts charged clients and the amounts petitioner paid to dealers and laborers for furnishings and labor supplied to the clients. It is quite clear that petitioner carried no stock in trade, nor was it representing anyone who did. Before an order was placed for any article of furniture petitioner had a place for it. No capital of petitioner’s was involved in handling these goods. The increase in the amounts charged over dealers’ prices and laborers’ charges was not a profit on its capital invested; nor was it a profit for handling the furniture or procuring the labor which the client *975 could have saved by dealing direct; it represented solely petitioner’s fee for the time, services, and skill of its stockholders in procuring articles and labor that the client knew not how or where to obtain, and producing a finished product that was beyond the skill of the client. In carrying out a client’s wishes Barton and Willson were acting only as agents. They did not buy material and labor for themselves but for their principa].. Had they turned over to their clients furnishings and labor at cost and then charged a specific fee for their time and services, there would be no question but that such fee was for services. It should not affect the decision that the fee was covered up by being given another name. It is our opinion that petitioner can not be said to have been trading as a principal, and it therefore meets all the elements necessary to entitle it to classification as a personal service corporation.

Judgment of no deficiency will be entered.